[Cite as *Ross v. Columbus*, 2014-Ohio-2738.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

James E. Ross, Jr.,                              :

     Plaintiff-Appellant,                    :

v.                                               :          No. 14AP-38
                                                            (C.P.C. No. 12CV-15050)
City of Columbus et al.,                         :
                                                            (REGULAR CALENDAR)
     Defendants-Appellees.                   :

---

D E C I S I O N

Rendered on June 24, 2014

---

*John H. Bates*, for appellant.

*Ron O'Brien*, Prosecuting Attorney, and *Jesse W. Armstrong*, for appellee Franklin County Board Commissioners.

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, James E. Ross, Jr., is appealing from adverse rulings in his lawsuit against the Franklin County Board of Commissioners ("Commissioners") which he views as responsible for injuries he suffered when a wooden bench collapsed in a courtroom on the 10th floor at the Franklin County Municipal Court Building. He assigns two errors for our consideration:

> [I.] THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND/OR ABUSED ITS DISCRETION IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE DECISION IS NOT SUPPORTED BY THE RECORD OR EVIDENCE IN VIOLATION OF A PERSON'S RIGHT TO TRIAL BY JURY, RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE, THE DUE PROCESS CLAUSES OF THE

UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ART. I § 5 AND § 16, AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

[II.] THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND/OR ABUSED ITS DISCRETION IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE EVIDENCE SUBMITTED WHEN VIEWED IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF DEMONSTRATES THAT THE ISSUE OF NEGLIGENCE IS IN DISPUTE AND SHOULD BE SUBMITTED TO THE TRIER OF FACT. THE TRIAL COURTS GRANTING OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT IS IN VIOLATION OF A PERSONS RIGHT TO TRIAL BY JURY, EVID.R. 801, AND THE DUE PROCESS CLAUSES OF THE U.S. CONSTITUTION AND THE OHIO CONSTITUTION, ART. I § 5 AND § 16.

{¶ 2} The building in which James E. Ross, Jr., was injured is 375 South High Street in Columbus, Ohio. Years before Ross was injured, the Commissioners leased most of the building to the city of Columbus which runs the Franklin County Municipal Court. The Commissioners retained some ability to limit access to the building, but otherwise turned over control of the courtroom floors of the building and their contents to the city of Columbus. The city has security stations for screening of visitors to the building and is the entity maintaining the building and its contents with the exception of parts of the 5th and 6th floors and parts of the basement. The city is responsible for the 10th floor where Ross was injured.

{¶ 3} Before the trial court, the lease between the Commissioners, as owner of the building, and the city of Columbus as the entity leasing the bulk of the building was presented. The lease placed no duty on the Commissioners to inspect or monitor the furniture in 375 South High Street on the courtroom floors. The trial court found the Commissioners were a lessor out of control of those portions of the building which housed the Franklin County Municipal Court.

{¶ 4} The caption for this case clearly indicates that the city of Columbus was sued as a part of this case. The city of Columbus was clearly responsible for the portions of the interior of the building where Ross was injured and not the Commissioners.

{¶ 5} The irregularities in discovery which occurred did not change the fundamental facts and are not assigned as error in this appeal. Part of the problem centered in discovery being pursued before the lawsuit was commenced against the Commissioners. Part involved attempts to pursue discovery after summary judgment was granted. No reversible error occurred related to discovery, even had errors been assigned addressing such issues.

{¶ 6} Both assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and CONNOR, J., concur.

_____